# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRY LEWIS and DAVID V. LEWIS, individually and on behalf of all others | No. 1:18-cv-05111-RBK-AMD |
| Plaintiffs, | |
| v. | **OPINION** |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | |
| Defendant. | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on Defendant GEICO's Motion to Dismiss (Doc. No. 3) certain claims in Plaintiffs Sherry Lewis and David Lewis's Complaint. (Doc. No. 1). Plaintiffs filed the Complaint on behalf of themselves and all individuals insured by GEICO in New Jersey under a GEICO private passenger vehicle policy who received a first-party total loss settlement or settlement offer that: (1) did not include applicable sales tax, title fees, or license plate fees; or (2) was based in whole or in part on the price of comparable vehicles reduced by a "condition" adjustment. For the reasons articulated in this Opinion, the Motion to Dismiss (Doc. No. 3) is **GRANTED**.

## I. BACKGROUND[1]

This case involves a total loss settlement between an insurer and the insured. Sherry and David Lewis ("Plaintiffs") leased a 2017 Volkswagen Jetta and purchased an insurance policy

---

[1] On this motion to dismiss, the Court accepts as true the facts pled in the Complaint and construes them in the light most favorable to Plaintiffs. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

from GEICO ("Defendant"). Compl. at ¶¶ 14, 44–45. In the event of a collision, the policy promised payment of the actual cash value ("ACV"), defined by the policy as "the replacement cost of the auto or property less depreciation or betterment." *Id.* at ¶ 18. Then in January 2018, Plaintiffs had an auto accident.

Following the accident, Plaintiffs submitted a claim to GEICO, which adjusted the claim and determined the total loss. *Id.* at ¶¶ 46–47. GEICO paid $17,258 for the total loss, which consisted of the value of the vehicle less Plaintiffs' deductible. *Id.* at ¶¶ 49, 57–58. GEICO determined the value of the vehicle by the base price of the vehicle less an adjusted vehicle value. GEICO relied upon a third-party, Certified Collateral Corporation ("CCC"), to generate the adjusted vehicle value. *Id.* at ¶ 64. CCC determined this "adjustment" by comparing other vehicles with similar mileage and conditions. *Id.* The final adjustment, however, did not explain the basis of the reduction. *Id.* at ¶ 68. Plaintiffs therefore called the $1,006 adjustment an arbitrary and flat reduction to the value of comparable vehicles. *Id.* at ¶ 69.

Plaintiffs highlighted additional concerns with GEICO's adjusted claim. Specifically, Plaintiffs claim that GEICO failed to pay the full ACV because, contrary to New Jersey law, it never accounted for sales tax, license fees, and title fees. *Id.* at ¶ 58. Plaintiffs also insisted that GEICO pay these taxes and fees as part of the settlement. *Id.* As such, Plaintiffs asserted that GEICO should not have relied on CCC's report because it applied an arbitrary "condition adjustment" without explanation. *Id.* at ¶¶ 59, 72. The underlying policy also did not specifically exclude the payment of sales tax or state and local regulatory fees from ACV. *Id.* at ¶ 31.

Plaintiffs then filed a class action in this Court on April 2, 2018. The Complaint provides four causes of action. Count I alleges a breach of contract. Count II states a breach of the

implied covenant of good faith and fair dealing.  Count III asserts a declaratory judgment and injunctive relief.  Count IV states a violation of the New Jersey Consumer Fraud Act ("NJCFA").  The class action further states that these actions are a part of an ongoing, widespread, and continuous scheme by GEICO to defraud its insureds in the payment of benefits under their policies of insurance.  *Id.* at ¶ 118.  GEICO misrepresents and defrauds policy holders through its advertisements.  Specifically, GEICO's claim website states: "If your policy covers a total loss, GEICO will: pay the actual cash value of the vehicle (plus applicable state fees and taxes) less any deductible."  Compl. at ¶ 29.  Plaintiffs argue that this provision shows that GEICO was aware of various state laws mandating payment of certain taxes and fees.  Thus, GEICO deliberately withholds full payment to policy holders in the event of a total loss.

Defendant now seeks to dismiss the complaint and provides three main arguments.  First, Defendant has moved to dismiss Counts II and III on the grounds that they are duplicative of Plaintiffs' Count I breach of contract claim.  Second, Defendant moves to dismiss Count IV on the ground that there is no private right of action against an insurer under the New Jersey Consumer Fraud Act ("NJCFA").  Third, Defendant has moved to dismiss Plaintiffs' demand for punitive damages on the ground that Plaintiffs' allegations do not rise to the requisite level of egregiousness for a finding of punitive damages.

## II.  RELEVENT STATUTE

The New Jersey Consumer Fraud Act provides in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the

> subsequent performance of such person as aforesaid, whether or not
> any person has in fact been misled, deceived or damaged thereby, is
> declared to be an unlawful practice.

N.J. Stat. Ann. § 56:8-2. "Merchandise" is defined as "any objects, wares, goods, commodities, services or anything offered directly or indirectly to the public for sale." *Id.* § 56:8-1(c).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

IV. **DISCUSSION**

   A. **Plaintiffs' claim of breach of the implied covenant of good faith and fair dealing (Count II)**

Plaintiffs filed a claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs contend that the conduct at issue for this claim is distinct from their breach of contract claim and that, at the very least, they should be able to plead both claims as alternative causes of action. In addition, Plaintiffs allege that there are several allegations in Plaintiffs' Complaint that show Defendant acted with bad faith. Plaintiffs' Brief (Pl. Br.) [Doc. No. 4] at 27–30. Defendant, however, argues that this claim must be dismissed for two reasons. First, the claim is merely duplicative of the Plaintiffs' breach of contract claim. Second, Plaintiffs' failed to sufficiently plead that Defendant acted in bad faith, an essential element to this claim. (Doc. 3). Defendant's Brief (Def. Br.) [Doc. No. 3] at 2–4.

The central issues are whether Count II is merely duplicative of Plaintiffs' breach of contract claim and whether Plaintiffs pled enough factual allegations that Defendant acted with bad faith. Under New Jersey law, "a breach of the covenant of good faith and fairing dealing must not arise out of the same conduct underlying an alleged breach of contract action." *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2013 WL 6048720, at *3 (D.N.J. Nov. 14, 2013) (citing *Wade v. Kessler Inst.*, 172 N.J. 327, 344–45 (2002)). In other words, when a party breaches a duty set forth explicitly in a contract, the remedy exists pursuant to those express terms, and not pursuant to some implied obligation arising out of the contract.

*Wade*, 172 N.J. at 344–45. The covenant is to be construed narrowly and utilized only when gaps exist as to the parties' intentions. *Cargill Global Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 580 (D.N.J. 2010).

While the New Jersey Supreme Court has stated that "a [party] in an appropriate case" may plead "alternative claims" because "[w]hen supported by the facts, a jury may determine whether [a defendant] has breached the express terms of a . . . contract, and if not, whether the [defendant] nonetheless has breached the implied covenant of good faith and fair dealing," it does not necessarily follow that this matter is such an appropriate case. *Wade*, 172 N.J. 327, 346.

Plaintiffs' claim for breach of implied covenant of good faith and fair dealing must fail because Count I and Count II are duplicative. Most obviously, the two claims are rooted in the same allegations. For example, both claims highlight the Defendant's underpayment of claims by applying an arbitrary, unjustified "condition adjustment" and the failure to pay sales tax, title fees, and license plate transfer fees. Compl. at ¶¶ 89–91, 97–98. Given that these two claims clearly arise from the same facts, this Court finds they are duplicative.

This Court's finding of duplicity is consistent with other rulings from this District as well. *See Orvasky v. Encompass Ins. Co.*, 804 F. Supp. 2d 228, 239 (D.N.J. 2011) (finding that, upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's claim of breach of the covenant of good faith and fair dealing "fails" where "the remaining allegations supporting [p]laintiff's claim are identical to the breach of contract claim" because "it is duplicative of the breach of contract claim"); *CRA, Inc. v. Ozitus Int'l, Inc.*, No. 16-5632, 2017 WL 2779749, at * 6 (D.N.J. June 27, 2017) (rejecting plaintiff's argument that it should be permitted to plead both a breach of contract claim and a claim for breach of the covenant of good faith and fair dealing as

alternative causes of action because plaintiff asserted only a claim for breach of the expressed provisions of the contract, and not breach of some implied covenant);. Thus, the Court **DISMISSES** Count II.

### B. Plaintiffs' claim of declaratory judgment and injunctive relief (Count III)

Plaintiffs' third claim is for "Declaratory Judgment and Injunctive Relief." Compl. at 19. This is a request for a remedy, not an independent cause of action. *Kabbaj v. Google Inc.*, 592 F. App'x 74, 74 n.2 (3d Cir. 2015) ("[Declaratory] and injunctive relief are remedies rather than causes of action."); *Chruby v. Kowaleski*, 534 F. App'x 156, 160 n.2 (3d Cir. 2013) ("We agree . . . that an injunction is a remedy rather than a cause of action."). As such, while declaratory relief may ultimately be an appropriate remedy in this case, just like another, it is not grounds for a lawsuit in and of itself. Thus, the Court **DISMISSES** Count III.

### C. Plaintiffs' New Jersey Consumer Fraud Act claim (Count IV)

Plaintiffs next bring a claim against Defendant under New Jersey's CFA. Specifically, Plaintiffs contend their allegations regarding GEICO's conduct, in both the marketing and performance of its insurance policies, are each actionable under the NJCFA. Plaintiffs' Brief (Pl. Br.) [Doc. No. 4]. Defendant, however, argues that the NJCFA claim should be dismissed for two reasons. First, NJCFA does not apply to claims against an insurance company relating to the improper handling of claims. Second, Plaintiffs have not sufficiently pled this cause of action. Defendant's Brief (Def. Br.) [Doc. No. 3]. The Court must therefore consider whether the NJCFA encompasses both the sale of a policy and claim handling practices.

The NJCFA provides in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such

> concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

N.J. Stat. Ann. § 56:8-2. The NJCFA "is intended to protect consumers by eliminating sharp practices and dealings in the marketing of merchandise and real estate." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 514 (3d Cir. 2006) (quoting *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 263 (1997)). New Jersey courts have repeatedly emphasized that "the [NJ]CFA seeks to protect consumers who purchase 'goods or services generally sold to the public at large.'" *Id. (*quoting *Marascio v. Campanella*, 298 N.J. Super. 491, 499 (N.J. Super. Ct. App. Div. 1997)). The NJCFA is "remedial legislation which should be construed liberally." *Real v. Radir Wheels, Inc.*, 198 N.J. 511, 520 (2009) (quoting *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 376 n.1 (2007)).

Both parties extensively dispute (1) whether the NJCFA encompasses claim handling practices and (2) whether the Plaintiffs' NJCFA claim is actually about the sale of the insurance policy.

To state a claim under the NJCFA, Plaintiffs must allege: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Zaman v. Felton*, 219 N.J. 199, 222 (2014). While this Court has doubts whether Plaintiffs satisfied the first prong,[2] it is clear that Plaintiffs failed to establish the third prong. Thus, this Court's discussion focuses only on the final causation prong.

---

[2] While the Court is not reaching an answer on this prong, the Court notes obvious concerns with the alleged misconduct at issue. First, the failure to explain the "conditions adjustments" is not an affirmative misrepresentation. An affirmative misrepresentation is a "statement of fact, found to be false." *Chaudhri v. Lumileds LLC*, No. 18-2167, 2018 WL 6322623, at *6 (D.N.J. Dec. 3, 2018). Plaintiffs' issue with the condition adjustment is not that the adjustment was false.

This Court agrees with Defendant and finds that Plaintiffs have failed to plausibly allege a causal relationship between the alleged unlawful conduct and any ascertainable loss. Defendant's Reply Brief (Def. Reply Br.) [Doc. No. 5] at 2.  In Count IV of their Complaint, Plaintiffs allege that

> Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the insured.  Specifically, Defendant received a benefit when it refused to pay Plaintiffs' entire claim *because it retained hundreds of dollars that should have rightfully been paid to Plaintiffs under the policy*.

Compl. at ¶ 118 (emphasis added).  Defendant, however, argues that Plaintiffs have failed to allege a causal connection because "[i]f Plaintiffs suffered any loss, it was because GEICO did not pay the benefits to which Plaintiffs claim to be entitled, not because GEICO misrepresented anything to them.  This is a breach of contract, not a fraud."  Def. Reply Br. at 2.

This Court agrees with Defendant.  Plaintiffs specifically reference that Defendant received a benefit because GEICO retained money that "should have rightfully been paid to Plaintiffs under the policy."  This statement has no connection to any unlawful conduct referenced in Plaintiffs' Complaint.  Instead this allegation is tied directly to the alleged breach of contract.  This District has similarly found claims to be insufficient where a party fails to connect the claimed loss to the alleged misconduct.  *See Hillsborough Rare Coins, LLC v. ADT LLC*, No. 16-916, 2017 WL 1731695, at *11 (D.N.J. May 2, 2017) ("[The plaintiff], however, has made no allegations in its Amended Complaint regarding an ascertainable loss steaming [sic] from the alleged unconscionable practices beyond that resulting from a breach of contract. Nor

---

Instead, the issue is GEICO's failure to explain that adjustment.  Second, the statement on GEICO's website: "[i]f your policy covers a total loss, GEICO will: pay the actual cash value of the vehicle (plus applicable state fees and taxes) less any deductible" is not clearly an affirmative misrepresentation because this statement as written acknowledges that taxes and fees are not a part of ACV and will be paid only if "applicable."

has [plaintiff] alleged how a 2006 forged signature on a non-operative contract led to that loss. Therefore, we find that [plaintiff] has not sufficiently alleged facts to support all elements of a CFA claim in the pleadings."). This Court therefore **DISMISSES** Count IV of the Complaint.

### D. Plaintiffs' demand for punitive damages

Plaintiffs seeks punitive damages against GEICO. A claim for punitive damages "is not truly a separate cause of action but a prayer for relief, potentially applicable to any count on which the plaintiff ultimately prevails." *Gardner v. N.J. State Police*, No. 15-08982, 2018 WL 5342715, at *16 (D.N.J. Oct. 29, 2018). After the dismissal of Counts II–IV, the only claim remaining is Count I, the breach of contract claim against GEICO.

The New Jersey Supreme Court has held that generally "punitive damages are not available in an action for a breach of contract." *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 370 (1988). Under New Jersey law, "absent egregious circumstances, no right to recover for . . . punitive damages exist for an insurer's allegedly wrongful refusal to pay a first-party claim." *Pickett v. Lloyd's*, 131 N.J. 457, 477 (1993). Punitive damages are prohibited in breach of contract claims, including first-party insurance claims, unless the plaintiff establishes the existence of a "fiduciary relationship sufficient to invoke the special relationship exception to the general rule prohibiting punitive damages awards" in breach of contract actions. *Gilliam v. Liberty Mut. Fire Ins. Co.*, No. 14-00361, 2014 WL 10191547, at *3 (D.N.J. Sept. 26, 2014). A fiduciary relationship can be established if the insurance policy forbids the insured from settling claims on his own behalf. *Rova Farms Resort Inc. v. Investors Ins. Co.*, 65 N.J. 474, 492 (1974). In these situations, the insurer has essentially made itself the agent of the insured and thus the "relationship of the company to its insured regarding settlement is one of inherent fiduciary obligation." *Id.*

Plaintiffs are not entitled to punitive damages based on the Complaint before this Court. Specifically, the Complaint fails to allege facts suggestive of the type of egregious or otherwise intolerable conduct, outrageous in its character, that would be necessary to support an award of punitive damages. *See Pickett*, 131 N.J. at 476 (recognizing punitive damages may be appropriate in a breach of contract claim when "the insurance company's conduct in response to an insured's claim for payment constitutes an independent tort"). Again, this matter involves a first-party insurance claim, which cannot support a finding of a fiduciary relationship sufficient to invoke the special relationship exception to the general rule prohibiting punitive damages awards in breach of contract cases. Since this matter presents nothing more than a potential breach of contract cause of action, and lacks in both aggravated circumstances indicative of a fiduciary, or agent-principal, relationship between the parties, the Court **DISMISSES** Plaintiffs' demand for punitive damages.

V.     **CONCLUSION**

For the foregoing reasons, GEICO's Motion to Dismiss is **GRANTED** as to Counts II, III, IV, and Plaintiffs' demand for punitive damages.

Dated: __3/14/19___                                       *s/* Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge