NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SHERRY LEWIS, *et al.*, | : | |
| Plaintiffs, | : | Civil No. 18-05111 (RBK/KMW) |
| v. | : | **OPINION** |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Confirm Appraisal Award (Doc. 46.) For the reasons stated herein, the Motion is **GRANTED**.

**I.     BACKGROUND**

This action arises out of an insurance dispute. In January 2018, Plaintiffs Sherry and David Lewis were in a car accident that caused damage to their vehicle. (Doc. 1, "Compl." ¶45.) The vehicle was insured under a policy by Government Employees Insurance Company ("GEICO"). (Compl. ¶45.) Plaintiffs submitted a claim to GEICO. (Compl. ¶¶14–15.) GEICO adjusted the claim and paid $17,258 in settlement to Plaintiffs. (Compl. ¶47.) Plaintiffs disputed the amount paid by GEICO, particularly GEICO's calculation of the valuation of the vehicle. (Compl. ¶¶59, 72.)

On April 2, 2018, Plaintiffs initiated the current action against GEICO. (Doc. 1.) Plaintiffs allege that GEICO has routinely violated New Jersey law in negotiating and settling total loss claims. (Compl. ¶1.) Specifically, Plaintiffs assert that GEICO underpays consumers for the loss

1

of their vehicles, reduces the value of comparable vehicles by an arbitrary amount, and undervalues losses. (Compl. ¶¶2–6.) Plaintiffs allege that the aforementioned actions are in violation of New Jersey law and GEICO's own insurance contracts. (Compl. ¶¶2–6.) Plaintiffs assert the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) declaratory judgment and injunctive relief; and (4) violation of the New Jersey Consumer Fraud Act. Plaintiffs bring this case as a class action on behalf of all those insured under automobile insurances policies issued in the State of New Jersey by GEICO. (Compl. ¶5.)

The parties agree that Plaintiffs' insurance policy with GEICO contains an appraisal provision, which states the following:

> If we and the insured do not agree on the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In that event, we and the insured will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the actual cash value and the amount of the loss. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of loss. We and the insured will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

(Doc. 46, "Mot." at 1.)

GEICO argues that, by filing their Complaint, Plaintiffs dispute the amount of loss determined by GEICO. As a result, GEICO invoked the appraisal clause by sending a letter to Plaintiffs' counsel. (Mot. at 2.) Plaintiffs thereafter agreed to appraisal. (*Id.*) The parties' appraisers then reached an agreement and issued an appraisal award of $22,000. (Mot. at 2.) Thereafter, GEICO issued payment for the difference between the appraisal award and the original payment, plus interest. (Mot. at 2.) Plaintiffs rejected the appraisal award payment. (Mot. at 2.) GEICO then filed the present motion seeking enforcement of the appraisal award. (Doc. 46.)

2

## II. LEGAL STANDARD

As a federal court sitting in diversity, the Court applies state law in this matter. *Chaimberlain v. Giampapa,* 210 F.3d 154, 158 (3d Cir. 2000). New Jersey courts have confirmed appraisal awards upon motion in appropriate circumstances. *See, e.g.*, *Elberon Bathing Co., Inc. v. Ambassador Ins. Co., Inc.*, 389 A.2d 439, 442 (N.J. 1978). In doing so, these courts have recognized that "[i]t is not in the public interest to encourage litigation over procedures which were designed to resolve disputes without litigation." *Id.* at 445. The purpose of an appraisal process is to "have the value of loss assessed by disinterested third-parties." *Statewide Commercial Cleaning, LLC v. First Assembly of God*, 2019 WL 1306402, No. A-3792-17T1, at *4 (N.J. Super. Ct. App. Div. Mar. 21, 2019). This ensures "speedy and efficient resolution without recourse to the courts." *Elberon*, 389 A.2d at 446. Accordingly, the scope of judicial review is narrow. *Id.* Appraisal determinations will generally only be overturned if there is evidence of fraud or misconduct. *See, e.g.*, *Titus v. W. Am. Ins. Co.*, 362 A.2d 1236, 1241 (N.J. Super. Ct. 1976).

## III. DISCUSSION

Plaintiffs do not dispute that New Jersey law supports judicial confirmation of an appraisal determination. Nor does Plaintiff raise any challenges to the appraisal process in this case or the amount of the award. Instead, Plaintiffs assert that (1) the Court does not have subject matter jurisdiction to confirm the appraisal award, and (2) the appraisal award has no impact on the Plaintiffs' claims in this case. (Doc. 48, "Opp." at 2–4.) The Court addresses each argument in turn.

First, Plaintiffs argue that federal courts are courts of limited jurisdiction and may only consider those actions that meet the case-or-controversy requirements of Article III. (Opp. at 2.) Plaintiffs argue that the present Motion does not meet that standard. The Court disagrees; Plaintiffs

filed the present matter in federal court, invoking the Court's jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). (Compl. ¶7.) The invocation of a Court's jurisdiction over a lawsuit confers jurisdiction to a district court for an entire "civil action." *Bryan v. Erie Cty. Office of Children & Youth*, 752 F.3d 316, 321 (3d Cir. 2014). When matters "incident to the disposition of the primary matter" arise before a court, the doctrine of ancillary jurisdiction permits district courts to decide them. *Id.* The Court finds that the present motion is incident to the disposition of Plaintiffs' case. Plaintiffs initially invoked this Court's jurisdiction. Therefore, the Court will exercise ancillary jurisdiction over the present motion, and the Court rejects Plaintiffs' subject matter challenge.

Second, Plaintiffs argue that the appraisal award should have no effect on Plaintiffs' claims in this case. (Opp. at 4.) The Court notes that "an appraisal establishes only the amount of loss and not liability." *Lakewood Twp. Mun. Util. v. S. Lakewood Water Co.*, 342 A.2d 78 (N.J. Super. Ct. Ap. Div. 1974). This is because an appraiser may not make legal or coverage determinations. *Rastelli Brothers, Inc. v. Netherlands Ins. Co. t/a Peerless Ins.*, 68 F. Supp. 2d. 440, 446 (D.N.J. 1999). Accordingly, an appraisal award "resolves only issues of valuation[,] not the entire controversy." *Celebrations Caterers, Inc. v. Neth. Ins. Co.*, No. 06-1341, 2008 WL 282203 at *3, 2008 U.S. Dist. LEXIS 7477 at *9 (E.D. Pa. Jan. 1, 2008).

In line with this guidance, the Court finds that Defendant is entitled to an Order confirming the appraisal determination. The Court clarifies, however, that this Order does not address any continuing controversies in this case, including those related to policy interpretation, liability, or the validity of GEICO's actions under the insurance policy. Instead, the Order serves only to provide confirmation of the appraisal determination as to amount of loss.

IV. **CONCLUSION**

For the reasons contained herein, Defendant's Motion to Confirm Appraisal Award (Doc. 46) is **GRANTED**. An accompanying Order shall issue.


Dated: 2/19/2021                                            /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge